IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD LONG, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 03-3054 |
| : | |
| HDJ COMPANY, INC., : | |
| : | |
| Defendant. : | |

*BRIEF IN SUPPORT OF*

*DEFENDANT'S MOTION TO QUASH SUBPOENA*

**KEGEL KELIN ALMY & GRIMM LLP**

Amy G. Macinanti. Esquire
Attorney I.D. No. 73609
24 North Lime Street
Lancaster, PA 17602
(717)392-1100

Counsel for Donsco, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD LONG, | : |
|     Plaintiff, | : |
| v. | :   No. 03-3054 |
| HDJ COMPANY, INC., | : |
|     Defendant. | : |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO QUASH SUBPOENA**

I.  **FACTS**

On March 16, 2004, Plaintiff served upon Defendant's accountants, Bertz and Co., a

subpoena for

> Copies of federal tax returns prepared for the years 2002 to the present for HDJ Company, Inc., Burton [sic] Enterprises, and Specialized Medical Devices, Inc. and copies of all financial statements prepared for the years 2002 to the present for HDJ Company, Inc., Burton [sic] Enterprises, and Specialized Medical Devices, Inc.

See subpoena attached hereto at Exhibit A.

Butron Enterprises is a minority based contracting company owned by Mary Burton

(mother), Edward Burton (son), and Mary D. S. Burton (daughter). Deposition of Edward

Burton at p. 14-15.[1]  Butron Enterprises supplies machine parts.  (Burton Dep. at p. 15).  HDJ is a supplier to Butron.  Id.

HDJ also is a supplier to Specialized Medical Devices, Inc. ("SMD").  Id. at 13-14.  Mr. Edward Burton is Vice President of SMD and Mary Burton, his mother, is President of SMD.  SMD has no full-time employees.  Id. at 14.

## II.   ARGUMENT

The subpoena in questions must be quashed for three reasons.  Specifically, it seeks disclosure of information that is privileged, private, and neither relevant nor reasonably calculated to lead to admissible evidence.

Pennsylvania law has expressly recognized and has codified the accountant-client privilege.  63 P.S. 9.11(a); see also Rhone-Poulenc Rorer, Inc. v. Home Indemnity Co., 32 F.3d 851, 864-65 and fn 3 (3d Cir. 1994) (recognizing Pennsylvania law on accountant-client privilege and directing District Court on remand to apply it in the context of Motion to Quash Subpoena).  The statutory language is clear:  **[I]nformation derived from or as the result of such professional services shall be deemed confidential and privileged**; and that the accountant **"shall not be required to and shall not voluntarily disclose or divulge"** this information.  63 P.S. 9.11(a).

Bertz and Co. are Certified Public Accountants and the documents subpoenaed are "derived as a result of professional services" rendered to HDJ, SMD, and Butron Industries.  Accordingly, the subpoena must be quashed.  63 P.S. 9.11(a).

Secondly, even if the information subpoenaed is not subject to accountant-client privilege, the information subpoenaed regarding Butron Industries and SMD is neither relevant

---

[1] Hereinafter references to the Deposition of Edward Burton will be cited as "(Burton Dep. at p.___)".  Cited portions of which are attached hereto as Exhibit B.

nor reasonably calculated to lead to relevant or admissible evidence. Butron Industries and SMD are entirely separate entities from HDJ. Common ownership and an arms length business relationship as a supplier does not render the financial information of a non-party privately held entity relevant or discoverable. See McCurdy v. Wedgewood Capital Management Co., 1998 WL 964185 (E.D. Pa. 1998) (denying Motion to Compel discovery of financial information from non-party corporations).

Lastly, the subpoena is overly broad and it violates the privacy of individual owners, at least one of whom has absolutely no involvement with the instant case. The subpoena is for tax returns and financial statements, which may reveal personal financial information regarding Mr. Burton, Mary Burton, and her daughter, Mary D. S. Burton. Such disclosures are unnecessary and violate the individuals' right to privacy. See Fraternal Order of Police Lodge No. 5 v. City of Philadelphia, 812 F.2d 105, 115 (3d Cir. 1987) (personal financial information entitled to privacy protection.)

For all these reasons Defendant, HDJ Company, Inc., respectfully requests that this Court quash the subpoena served on Bertz and Co.

Respectfully submitted,

**KEGEL KELIN ALMY & GRIMM LLP**

By: _____
Amy G. Macinanti, Esquire
Attorney I.D. No. 73609
24 N. Lime Street
Lancaster, PA  17602
(717) 392-1100

Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in Support of Defendant's Motion to Quash Subpoena was served this 30th day of March, 2004, by hand, upon the following person:

Nina B. Shapiro, Esq.
53 North Duke Street, Suite 201
Lancaster, PA 17602

_____
Amy G. Macinanti, Esquire